IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OSAGE NATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 01-CV-0516B (M) |
| | ) |
| STATE OF OKLAHOMA ex rel. | ) |
| OKLAHOMA TAX COMMISSION; | ) |
| ROBERT E. ANDERSON, Chairman | ) |
| of the Oklahoma Tax Commission; JERRY | ) |
| JOHNSON, Vice-Chairman of the Oklahoma | ) |
| Tax Commission; and | ) |
| DON KILPATRICK, Secretary-Member | ) |
| of the Oklahoma Tax Commission, | ) |
| | ) |
| Defendants | ) |

F I L E D

OCT 09 2001

Phil Lombardi, Clerk
U.S. DISTRICT COURT

### PLAINTIFF'S RESPONSE BRIEF TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

In response to Defendants' motion to dismiss Plaintiff Osage Nation's ("Nation") amended complaint pursuant to Fed.R.Civ.P. 12(b)(1), the Nation advises the Court as follows:

### NATURE OF NATION'S AMENDED COMPLAINT

The Nation filed its initial Complaint on July 16, 2001. Pursuant to Fed.R.Civ.P. 15(a), the Nation filed an Amended Complaint on September 10, 2001. The Nation's Amended Complaint seeks (1) a declaratory judgment holding that the Nation's reservation is Indian country; (2) a declaratory judgment holding that the Nation's members who earn income and reside within the Nation's reservation are not subject to Oklahoma income taxes; and (3) a permanent injunction against the Oklahoma Tax Commission ("OTC") and its employees and agents from levying or collecting such taxes from the Nation's members. (Amended Complaint, p. 5).

1. The Nation asserts this Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1362. (Amended Complaint, para. 1).

2. The Nation asserts it is a Federally recognized Indian tribe with a governing body duly recognized by the Secretary of the Interior. (Amended Complaint, para. 3).

3. The Nation asserts that the OTC is an agency of Defendant State of Oklahoma ("State") authorized to administer and enforce Oklahoma's tax laws. The Nation further asserts that individual Defendants Robert E. Anderson, Jerry Johnson and Don Kilpatrick are the three persons currently appointed by the Governor of the State to administer the OTC. (Amended Complaint, para. 4).

4. The Nation asserts that under Federal law, tribal members who are employed and reside in Indian country are exempt from paying state income taxes on the income earned from their employment in Indian country. (Amended Complaint, para. 12).

5. The Nation asserts that the Nation's Indian country consists of all lands within the Nation's reservation boundaries. (Amended Complaint, para. 13).

6. The Nation asserts that the Defendants, in violation of Federal law, have and are attempting to collect income taxes from members of the Nation who are employed and reside within the Nation's Indian country. (Amended Complaint, para. 14).

7. The Nation asserts its causes of action arise under 18 U.S.C. §1151, the treaties between the Nation and the Government of the United States of America, the Act of June 5, 1872, Ch.310, 17 Stat. 228 (1872), the Act of May 2, 1890, Ch. 182, §1, 26 Stat. 81 (1890), the Act of June 16, 1906, Ch. 3335, 34 Stat. 267 (1906), the Act of June 28, 1906, Ch. 3572, 34 Stat. 539 (1906), and the federal common law relating to Indians. (Amended Complaint, para. 1).

8. Attached to the Nation's Amended Complaint as an exhibit is a copy of OTC Order No. 2000-05-30-018, denying the State tax court protest of Mary Jo Webb, a member of the Nation employed and residing within the Nation's reservation, to an assessment of Oklahoma income taxes. (Amended Complaint, Exhibit "A").

## LEGAL ARGUMENT

Fed.R.Civ.P. 12(b)(1) authorizes a party defendant to assert the defense of "lack of jurisdiction over the subject matter" by motion prior to filing a responsive pleading to the complaint. A motion to dismiss under Fed.R.Civ.P. 12(b)(1) should be granted only when it appears beyond doubt that the plaintiff could prove no set of facts entitling it to relief. United States v. Colorado Supreme Court, 87 F.3d 1161, 1164 (10th Cir. 1996). In considering a motion to dismiss, the Court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. Skrzypczak v. Kauger, 92 F.3d 1050, 1053 (10th Cir. 1996).

A. The Eleventh Amendment To The U.S. Constitution Does Not Bar The Nation's Claims For Relief

The Eleventh Amendment to the United States Constitution reads as follows:

> "The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."
> U.S. Const. amend XI.

The Eleventh Amendment generally bars suits against a state in Federal court commenced by citizens of that state or citizens of another state. Elephant Butte Irrigation District of New Mexico v. Department of the Interior, 160 F.3d 602, 607. However, several exceptions to the bar created by the Eleventh Amendment exist. Federal courts can hear cases brought against a state where the state

has unequivocally waived its immunity to suit or where Congress has expressly abrogated the state's Eleventh Amendment immunity. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984); Elephant Butte, supra, at 607. However in bringing its present action against the Defendants, the Nation does not assert that the State has either waived its immunity to suit or that the State's immunity has been abrogated by an express act of Congress.

1.  The Nation May Maintain Its Action Against The Defendants Pursuant To 28 U.S.C. §1362.

Another exception to a state's Eleventh Amendment immunity to suit has been recognized to be provided by 28 U.S.C. §1362. Section 1362 reads as follows:

> "The district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws or treaties of the United States."
> 28 U.S.C. §1362.

While §1362 is generally recognized as not constituting a waiver or abrogation of a state's Eleventh Amendment immunity, the Supreme Court has held that §1362 does allow an Indian tribe to maintain a suit against a state where the tribe brings suit to obtain injunctive relief from state taxation.

In Moe v. Confederated Salish and Kootenai Tribes of the Flathead Reservation, 425 U.S. 463, 96 S.Ct. 1634, 48 L.Ed.2d. 96 (1976), the tribe brought suit in the U.S. District Court for declaratory and injunctive relief against the state's cigarette tax as applied to tribal members who sold cigarettes within the tribe's reservation. In its decision, the Supreme Court recognized that the important threshold question was whether the district court was prohibited from entertaining jurisdiction over the tribe's suit. Moe at U.S. 470, S.Ct. 1639-40. In analyzing this question, the

Supreme Court acknowledged:

> 1. That in enacting 28 U.S.C. §1362, Congress intended to open the Federal courts to the kind of claims that could have been brought by the United States as trustee for the tribe. Moe at U.S. 472-73, S.Ct. 1641.
>
> 2. That the United States, as trustee for the tribe, could have brought an identical action against the state seeking to enjoin the application of the state's cigarette tax against tribal members.[1] Moe at U.S. 473-74, S.Ct. 1641-42.

Based thereon, the Supreme Court held that the district court had jurisdiction and the tribe was not barred from pursuing its suit. Moe at U.S. 474-75, S.Ct. 1642.

In Sac and Fox Nation of Missouri v. Pierce, 213 F.3d 566 (10th Cir. 2000), cert.den, _U.S._, 121 S.Ct. 1078, 148 L.Ed.2d 955 (2001), the Tenth Circuit recognized the continuing vitality of Moe. In Pierce, three tribes filed suit in U.S. District Court to enjoin the state from collecting taxes on motor fuel distributed to the tribes' retail gasoline stations located on tribal trust lands. In response, the state asserted the district court had no jurisdiction over the controversy because the state's sovereign immunity under the Eleventh Amendment barred the tribe's suit. After reviewing the decisions in both Seminole Tribe and Moe, the Tenth Circuit held as follows:

> "Neither ... nor the Eleventh Amendment bars the Tribes' suit in this case. Undoubtedly after Seminole Tribe, the Eleventh Amendment generally bars an Indian tribe's suit in federal court against a state where the tribe's claim rests solely on Article I's Indian Commerce Clause. As the Supreme Court stated in both Blatchford and Moe, however, an Indian tribe's suit for injunctive relief against state taxation occurring on trust lands is another matter. Blatchford expressly recognized what Moe necessarily inferred from §1362. Blatchford explained that in Moe, the Court found in §1362-

---

[1] The Eleventh Amendment does not bar the Federal government from bringing a suit against a state in Federal court. See Blatchford v. Native Village of Noatak, 501 U.S. 775, 782, 111 S.Ct. 2578, 2582, 115 L.Ed.2d 686 (1991).

5

> an implication that a tribe's access to federal court to litigate federal question cases would <u>at least in some respects</u> be as broad as that of the United States suing as the tribe's trustee. The "respect" at issue in <u>Moe</u> was access to federal court for the purpose of obtaining injunctive relief from state taxation.
>
> <u>Blatchford</u>, 501 U.S. at 784, 111 S.Ct. 2578 (emphasis in original). Accordingly, we conclude that the Eleventh Amendment does not bar the Tribes' suit against the State to enjoin enforcement of the Kansas motor fuel tax law."
> <u>Pierce</u> at 572-73.

In <u>Moe</u>, the Supreme Court found that the U.S. District Courts have jurisdiction under 28 U.S.C. §1362 to hear suits by Indian tribes against states seeking to enjoin the collection of state cigarette taxes on reservation lands. In <u>Pierce</u>, the Tenth Circuit held that the district courts have jurisdiction under §1362 to hear suits brought by tribes against states seeking to enjoin the collection of state motor fuel taxes on tribal trust lands. In neither <u>Moe</u> nor <u>Pierce</u> did the Eleventh Amendment serve to bar the tribes from pursuing their suits for injunctive relief against the states.

In the present action, the Nation asserts the jurisdiction of the Court under §1362 and seeks to enjoin the State from levying and collecting state income taxes from the Nation's members who are employed and reside within the Nation's reservation. There is no substantive difference in suits seeking to enjoin the collection of state cigarette and motor fuels taxes on tribal lands and the Nation's suit. Based on the decisions in <u>Moe</u> and <u>Pierce</u>, the Eleventh Amendment does not bar the Nation's claims for relief against the Defendants.

    2.    <u>The Nation May Maintain Its Action Against The Individual Defendants Pursuant To The Ex Parte Young Doctrine</u>.

The <u>Ex parte Young</u> doctrine is a judicially created alternative for avoiding the general application of state sovereign immunity. <u>Elephant Butte</u>, <u>supra</u>, at 607. In <u>Ex parte Young</u>, 209 U.S.

6

123, 159-60, 28 S.Ct. 441, 52 L.Ed.2d 714 (1908), the Supreme Court held that the Eleventh Amendment generally does not bar a suit against a state official in Federal court which seeks only prospective equitable relief for violations of Federal law, even if the state is immune from suit. Over the years since Ex parte Young was decided, the Supreme Court has had cause on several occasions to review the decision; however, the Supreme Court continues to recognize that the Ex parte Young doctrine constitutes a valid exception to the states' defense to suit provided by the Eleventh Amendment. See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997)[2]

In the present action, the Nation has (1) filed suit against Defendants Robert E. Anderson, Jerry Johnson and Don Kilpatrick, the three persons appointed pursuant to Oklahoma law to administer the OTC; (2) requesting the U.S. District Court; (3) to enter an injunction; (4) prohibiting the Defendants from levying or collecting Oklahoma income taxes on the Nation's members who earn income and reside within the Nation's reservation; (5) because such actions violate Federal law. The Nation's suit against the individual Defendants thus meets the requirements under the Ex parte Young doctrine for maintaining a suit against the State. Based on the decision in Ex parte Young and successive decisions interpreting the Ex parte Young doctrine, the Eleventh Amendment does not bar the Nation's claims for relief against the Defendants.

---

[2] The Coeur d'Alene Tribe decision recognized a narrow exception to the Ex parte Young doctrine in that the Supreme Court held that the doctrine would not be applied in suits which implicate special state sovereignty interests and where the requested relief is the functional equivalent to a form of legal relief that would otherwise be barred by the Eleventh Amendment. J.B. ex rel. Hart v. Valdez, 186 F.3d 1280, 1286 (10th Cir. 1999). In Moe, supra, and Pierce, supra, the Supreme Court and the Tenth Circuit recognized that tribal suits against states seeking injunctive relief from state taxation are not barred by the Eleventh Amendment. Therefore, the Nation's suit against the Defendants is not a suit which falls within the narrow Couer d'Alene Tribe exception to the Ex parte Young doctrine.

3.  **The Seminole Tribe Decision Does Not Bar The Nation's Suit Against The Defendants.**

In their brief, Defendants principally rely on the decision in Seminole Tribe of Florida v. Florida, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), for their motion to dismiss the Nation's suit. However, the Seminole Tribe decision involved the exception to Eleventh Amendment immunity arising from an attempt by Congress to abrogate the states' immunity to suit. Because the Nation is not relying upon the congressional abrogation exception to maintain its action against the Defendants, the Seminole Tribe decision does not serve to bar the Nation's suit.

B.  **The Tax Injunction Act Does Not Deprive This Court Of Jurisdiction To Hear The Nation's Claims**

The Tax Injunction Act ("TIA") provides as follows:

> "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state."
> 28 U.S.C. §1341.

While the TIA may constitute a bar to most Federal court suits seeking to enjoin the levying and collection of a state tax, it is not an absolute bar. In Moe, supra, the Supreme Court recognized the TIA to be inapplicable to suits brought by the United States to protect itself and its instrumentalities from unconstitutional state exactions. Moe at U.S. 470, S.Ct. 1640. Accordingly, after finding that one purpose in the enactment of 28 U.S.C. §1362 was to allow an Indian tribe to bring the same suit in Federal court which the United States could have brought as trustee for the tribe, the Supreme Court held in Moe that the TIA does not deprive the U.S. District Courts of jurisdiction to entertain a tribe's suit to enjoin collection of a state tax. Moe at U.S. 474-75, U.S. 1642.

In <u>Pierce, supra</u>, the defendant state, apparently recognizing the <u>Moe</u> decision, did not expressly assert the TIA was a bar to the tribes' suit. However, in reaching its decision that the district court had jurisdiction to hear the tribes' suit, the Tenth Circuit held that the TIA did not serve to bar the tribes' claims. <u>Pierce</u> at 572.

In their brief, Defendants cite several cases for the proposition that the TIA forbids Federal injunctive and declaratory relief against the state. However, the cases cited by Defendants are easily distinguished by the fact that the party seeking such relief was not an Indian tribe. As explained in <u>Moe</u> and <u>Pierce</u>, the prohibitions set forth in the TIA do not bar suits by Indian tribes for injunctive relief from unlawful state taxes being levied against tribal members on reservation lands.

Defendants also cite two cases, <u>Brooks v. Nance</u>, 801 F.2d 1237 (10th Cir. 1986) and <u>Amarok Corporation v. State of Nevada, Department of Taxation</u>, 935 F.2d 1068 (9th Cir. 1991); for the proposition that the TIA's "restrictive force <u>specifically</u> [emphasis in brief] has been held to deprive a federal court of jurisdiction to determine whether land is Indian country for purposes of state taxation." Defendants' brief, p.9. However, a review of the <u>Brooks</u> and <u>Amarok Corporation</u> decisions reveals that neither court ever considered that issue, much less made that holding. Further, both of these cases can be distinguished from <u>Moe</u>, <u>Pierce</u> and the present action in that the parties complaining about state taxation laws were not Indian tribes.[3]

## CONCLUSION

The Nation has brought suit against the Defendants seeking injunctive and declaratory relief due to the State's actions in violation of Federal law to levy and collect income taxes from the

---

[3] What the <u>Amarok Corporation</u> court did state is that the §1362 exception to the jurisdictional bar of §1341 granted to Indian tribes would not be extended to allow individual members of Indian tribes to bring suits challenging state tax laws. <u>Id.</u>, at p.1070.

Nation's members who are employed and reside in the Nation's Indian country. In bringing its suit, the Nation has asserted that this Court has jurisdiction to hear the case pursuant to 28 U.S.C. §1362. and the <u>Ex parte Young</u> doctrine. Decisions by the Supreme Court and the Tenth Circuit have held that Federal courts have jurisdiction under §1362 and the <u>Ex parte Young</u> doctrine to hear such a suit and that neither the Eleventh Amendment nor the TIA serve to bar the suit. See <u>Moe</u>, <u>supra</u>, and <u>Pierce</u>, <u>supra</u>. Based thereon, Plaintiff Osage Nation respectfully requests the Court to deny the Defendants' motion to dismiss and order the Defendants to file their answer to the Nation's complaint.

PITCHLYNN & MORSE, P.A.

By: _____
GARY S. PITCHLYNN, OBA #7180
124 East Main Street
P.O. Box 427
Norman, OK 73070
Telephone: (405) 360-9600
Fax: (405) 447-4219

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on the 9th day of October, 2001 a true and correct copy of the within Plaintiff's Response Brief to Defendants' Motion to Dismiss Amended Complaint was deposited in the U.S. Mail, postage prepaid thereon, addressed to the following counsel of record:

Douglas B. Allen
Sean R. McFarland
Amber L. Willingham
Oklahoma Tax Commission
P.O. Box 53248
Oklahoma City, OK 73152-3248

Attorneys for Defendants

_____
GARY S. PITCHLYNN

Osage.StofOK.PlResptoDefMottoDisAmdComplt.