**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

OSAGE NATION,                                    )
                                                 )
                                                 )
                    Plaintiff,                   )
                                                 )
v.                                               )          No. 01-CV-516-P(M)
                                                 )
STATE OF OKLAHOMA ex rel. OKLAHOMA               )
TAX COMMISSION; THOMAS E. KEMP, JR.,             )
Chairman of the Oklahoma Tax Commission;         )
JERRY JOHNSON, Vice-Chairman of the              )
Oklahoma Tax Commission; and DON                 )          **F I L E D**
KILPATRICK, Secretary-Member of the              )
Oklahoma Tax Commission,                         )          AUG 2 7 2003
                                                 )
                                                 )          Phil Lombardi, Clerk
                    Defendants.                  )          U.S. DISTRICT COURT

**ORDER**

Now before the court is the Defendants' Motion to Dismiss Amended Complaint, Plaintiff's

Response to said motion, and Defendants' Reply. Defendants move this court to dismiss Plaintiff's case

pursuant to Fed.R.Civ.P. 12(b)(1). Specifically, Defendants contend the statutes relied upon by Plaintiff

for its invocation of this court's jurisdiction fail to abrogate the Oklahoma Tax Commission's ("OTC")

Eleventh Amendment sovereign immunity from suit, and that Plaintiff's claims are barred by the terms

of the Tax Injunction Act, 28 U.S.C. §1341.

Plaintiff's Amended Complaint seeks (1) a declaratory judgment holding all of Osage County,

Oklahoma to be its formal reservation and therefore Indian Country, (2) a declaratory judgment holding

that all its members employed by it and living in the geographical boundaries of that County are exempt

from Oklahoma income taxes on their tribal wages and (3) a permanent injunction against OTC and its

49

officers, employees and agents from levying or collecting those income taxes from such persons. Plaintiff asserts this court has jurisdiction pursuant to 28 U.S.C. §1331, federal question jurisdiction, and 28 U.S.C. §1362, which grants district courts original jurisdiction over civil actions brought by federally- recognized Indian tribes wherein the matter in controversy arises under the Constitution, laws or treaties of the United States.

Defendants contend 28 U.S.C. §1331 and 28 U.S.C. §1362 cannot provide a basis for this court's jurisdiction because neither section reflects the requisite Congressional intent to abrogate Oklahoma's immunity.  Defendant also argues that in light of the Supreme Court's decision in *Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)*, Congress is without power to vest this court with jurisdiction, pursuant to these sections.

The Tenth Circuit, however, has ruled that Indian tribes, asserting jurisdiction under 28 U.S.C. §1362, may seek injunctive relief from state taxation in federal court. *See Sac and Fox Nation of Missouri v. Pierce, 213 F.3d 566, 571-73 (10th Cir. 2000) cert. denied Pierce v. Sac and Fox Nation of Missouri, ____ U.S. ____, 121 S.Ct. 1078, 148 L.Ed.2d 955 (2001); Sac and Fox Nation of Missouri v. Pierce, _____ U.S. ____, 121 S.Ct. 1078, 148 L.Ed.2d 955 (2001); see also Prairie Band Potawatomie Nation v. Richards, 241 F.Supp.2d 1295 (D.Kan. 2003); Sac and Fox Nation of Missouri, 979 F.Supp. 1350, 1352-53 (D.Kan. 1997).*

In *Sac and Fox Nation of Missouri v. Pierce, 213 F.3d 566 (10th Cir. 2000)*, the Tenth Circuit contemplated, under a set of facts very similar to those in the instant case, whether Indian tribes could maintain suits in federal court to enjoin collection of the State of Kansas's motor fuel tax. Relying on the Supreme Court's decision in *Moe v. Confederated Salish and Keetenai Tribes, 425 U.S. 463 (1976)*, the court determined that neither the Eleventh Amendment nor the Tax Injunction Act, 28 U.S.C. §1341,

2

barred the tribe's suit.  The court reached this conclusion notwithstanding the Supreme Court's decision

in *Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)*, finding that the Seminole Tribe Court had

expressly recognized that in *Moe* it had reached a different conclusion due to the fact that the case

involved an Indian tribe's access to federal court for the purpose of obtaining injunctive relief from

taxation.  Based on the *Moe* decision, the Tenth Circuit reasoned that federal courts have jurisdiction under

28 U.S.C. §1362 to consider the merits of the Kansas fuel tax case.  Consistent with the Tenth Circuit, this

court asserts jurisdiction under §1362 and finds neither the Eleventh Amendment, nor the Tax Injunction

Act bar this suit.

Therefore, Defendants' Motion to Dismiss is denied.

**IT IS SO ORDERED** this_____27ᵗʰ_____day of **August, 2003.**

_____
JAMES H. PAYNE
UNITED STATES DISTRICT JUDGE