# United States District Court
## for the Northern District of Oklahoma

---

Case No. 01-cv-516-JDR-MTS

---

OSAGE NATION, *a federally recognized Indian tribe*,

*Plaintiff*,

*versus*

MARK WOOD, *in his official capacity as Chairman of the Oklahoma Tax Commission*; SHELLY PAULK, *in her official capacity as Vice Chairwoman of the Oklahoma Tax Commission*; CHARLES PRATER, *in his official capacity as Secretary of the Oklahoma Tax Commission*,[1]

*Defendants*.

---

## OPINION AND ORDER

---

Twenty-five years ago, the Osage Nation sued to enjoin the Oklahoma Tax Commission from taxing the income of members of the Osage Nation who work within the historical boundaries of the Osage Reservation. Dkt. 1.[2] This Court granted summary judgment against the Osage Nation, holding that Congress disestablished the Osage Reservation when it passed the 1906 Osage Allotment Act. Dkt. 113. The Tenth Circuit upheld this Court's decision, and the Supreme Court denied certiorari. Dkts. 135, 138.

In the past fifteen years, the legal landscape has shifted dramatically. The Supreme Court recognized the continued existence of the Muscogee (Creek) Nation's reservation in *McGirt v. Oklahoma*, 591 U.S. 894 (2020), and

---

[1] Chairman Wood, Vice Chairwoman Paulk, and Secretary Prater are substituted as defendants in this case under Rule 25(d) of the Federal Rules of Civil Procedure.

[2] All citations use CM/ECF pagination.

No. 01-cv-516

other courts, applying *McGirt*, have recognized the continued existence of the reservations of the Cherokee Nation, the Choctaw Nation, the Chickasaw Nation, and the Seminole Nation. *Hogner v. Oklahoma*, 2021 OK CR 4, ¶ 18, 500 P.3d 629, 635; *Sizemore v. Oklahoma*, 2021 OK CR 6, ¶ 8, 485 P.3d 867, 869; *Bosse v. Oklahoma*, 2021 OK CR 30, ¶ 12, 499 P.3d 771, 774; *Grayson v. Oklahoma*, 2021 OK CR 8, ¶ 11, 485 P.3d 250, 254. Despite this sea change in the law, no court has found that *McGirt*'s holding extends to the Osage Reservation, and the Oklahoma Court of Criminal Appeals has held, *McCauley v. Oklahoma*, 2024 OK CR 8, ¶ 4, 548 P.3d 461, 464, that issue preclusion bars reconsideration of this Court's prior ruling.

The Osage Nation now seeks relief from this Court's prior holding under Rules 60(b)(5) and 60(b)(6) of the Federal Rules of Civil Procedure, arguing that *McGirt* implicitly overruled this Court's prior holding. Dkt. 148. But Rule 60(b)(5) only permits relief from judgments if a district court has an ongoing managerial role in the judgment such as an active injunction or a consent decree, and Rule 60(b)(6) does not permit relief from a judgment based solely on a change in the governing law. This Court may not grant the Osage Nation relief from judgment and denies the motion.

I

To get relief from a judgment under Rule 60(b)(5), a party must show that "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Rule 60(b)(5) relief is "extraordinary" and "may only be granted in exceptional circumstances." *Mullin v. High Mountain*, 182 F. App'x 830, 832 (10th Cir. 2006).

Other courts have expressly limited the application of Rule 60(b)(5) to judgments involving "the supervision of changing conduct or conditions," or orders "compel[ling] [a party] to perform, or order[ing] [the party] not to perform, any future act[,] . . . [or] requir[ing] the court to supervise any continuing interaction between [the parties]." *Twelve John Does v. D.C.*, 841 F.2d

No. 01-cv-516

1133, 1139 (D.C. Cir. 1988). In general, this means that there must be some active injunction or court intervention at play. *See, e.g., In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, 329 F.R.D. 151, 154 (E.D. Pa. 2018), *aff'd sub nom. Juday v. Merck & Co. Inc.*, 799 F. App'x 137 (3d Cir. 2020) (noting that "[g]enerally, Rule 60(b)(5) is invoked where injunctions have issued or consent decrees with prospective provisions have been entered" and denying relief where "[t]he judgment entered . . . simply dismissed their case [and] ended the action and imposed no future obligations on any of the parties"). The fact that a judgment results in collateral estoppel or has other preclusive effects, as all orders do, does not mean the judgment has "prospective effect" under Rule 60(b)(5). *See Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 272 (3d Cir. 2002) (holding that collateral estoppel "is common to all judgments" and rejecting it as a basis for a judgment having "prospective application"); *see also Picco v. Glob. Marine Drilling Co.*, 900 F.2d 846, 851 (5th Cir. 1990) (holding that when "the only arguably prospective effect of [a] dismissal is that it precludes relitigation of the issues decided" that prospective effect "is not enough" to permit a Rule 60(b)(5) motion).[3]

   Although the cases are not explicit on this requirement, many courts have effectively narrowed the applicability of Rule 60(b)(5) to orders *granting* "injunctions or consent decrees regulating ongoing behavior." *Picco*, 900 F.2d at 851; *see also In re Jacobs*, No. 05-19032, 2008 WL 4369273, at *3 (Bankr. D. Kan. Sept. 22, 2008) (determining that while relief under 60(b)(5) could be granted to address an active injunction, it could not be used to revisit an order revoking an injunction) and *Dowell v. Board of Educ. of Oklahoma City*, 8 F.3d 1501, 1509 (10th Cir. 1993) (noting in dicta that a decision to dissolve a desegregation degree does not have the prospective effect that Rule 60(b)(5) requires). Orders denying or revoking injunctions or consent decrees do not fall

---

[3] The Fifth Circuit reached the opposite conclusion in *Kirksey v. City of Jackson*, 714 F.2d 42, 43 (5th Cir. 1983), but *Kirksey*'s discussion of Rule 60(b)(5)'s application to a final order dismissing a case was dictum and in tension with *Picco*, 900 F.2d at 851, and the holdings of other Circuits. This Court does not find *Kirksey* persuasive here.

No. 01-cv-516

within the ambit of Rule 60, even when those orders have preclusive effects or may be relied upon as precedent.

Of course, not one of these cases is binding precedent on this Court's analysis of whether Rule 60(b)(5) can permit revisiting a denial of injunctive relief. And, as the Osage Nation points out, the Tenth Circuit has found that a district court abused its discretion by refusing to *consider* a Rule 60(b)(5) motion in a case that, like this one, involved an order denying injunctive relief that was later called into question (but not explicitly overruled by) a subsequent Supreme Court decision. *Crow Tribe of Indians v. Repsis* ("*Repsis I*"), 74 F.4th 1208, 1219 (10th Cir. 2023). But the Tenth Circuit did not reach the question of whether the challenged order had prospective application. Instead, the Tenth Circuit limited its analysis to whether a district court may grant relief from judgment under Rule 60 when the Tenth Circuit affirmed the original judgment on grounds not originally considered by the district court. *Id.* Finding that those procedural circumstances permitted the district court to consider a Rule 60(b)(5) motion, the Tenth Circuit remanded the case to the district court without considering whether the district court's order had prospective application because that issue was only brought up at oral argument. *Id.* at 1222 n.6.[4]

## II

The Osage Nation argues that applying the Court's prior decision "prospectively [would] no longer [be] equitable" because *McGirt* has overruled it. Dkt. 149 at 50. It encourages the Court to follow the district court in *Repsis II* and grant Rule 60(b)(5) relief based on the intervening change in the law. *Id.* But this is not a case involving ongoing Court-ordered relief. In the prior proceeding, the Osage Nation moved for an injunction, and this Court

---

[4] On remand, the district court did not clearly consider whether Rule 60(b)(5) permits relief when there is no injunction, but the court acknowledged that the original holding's preclusive effect was no longer at issue before granting relief under Rule 60(b)(5). *Crow Tribe of Indians v. Repsis* ("*Repsis II*"), No. 1:92-cv-01002-ABJ, 2024 WL 1478580, at *10 (D. Wyo. Mar. 28, 2024).

No. 01-cv-516

denied the motion. Dkt. 113. The Court is no longer active in this case—there is no injunction, consent decree, or other order necessitating the Court's ongoing exercise of jurisdiction. Without guidance from the Tenth Circuit on the issue, this Court elects to follow the D.C. Circuit's standard in *Twelve John Does*, 841 F.2d at 1139, and the similar holdings from the Third Circuit in *Coltec*, 280 F.3d at 272, and the Fifth Circuit in *Picco*, 900 F.2d at 851. The Court holds that the Osage Nation may not receive relief from judgment under Rule 60(b)(5) when there is no active injunction or consent decree at issue.

The Osage Nation responds that *Twelve John Does* and its ilk do not apply because this case involves issues of "sovereignty and significant public interest concerns." Dkt. 167 at 12. Although these concerns are significant, they do not implicate Rule 60. The Osage Nation does not cite any cases weighing public interest concerns as part of the Rule 60 analysis, and the only examples it supplies are those of subsequent modifications in interstate disputes where the Supreme Court "retain[ed] jurisdiction" because of "the need for flexibility in light of changed conditions and questions which could not be disposed of at the time of an initial decree." *Arizona v. California*, 460 U.S. 605, 624 (1983), *decision supplemented,* 466 U.S. 144 (1984). And even then, the Supreme Court characterized the ability to change their judicially managed water apportionment plan as "consistent with the role of a court of equity to modify an injunction in adaptation to changed conditions." *Id.* at 624-25 (quotation marks removed). But the Supreme Court's ability to modify its existing injunction does not implicate a district court's ability to reconsider a prior denial of injunctive relief under Rule 60. *Arizona v. California* is inapplicable here.

And much like the Supreme Court in *Arizona v. California*, the Court observes that if it were to grant the Osage Nation's requested relief, it would be effectively opening the floodgates to reopening litigation whenever its orders have ongoing preclusive effects, which they nearly always do. *Id.* at 625.

No. 01-cv-516

That state of affairs would be untenable—after all, that would imply that "*any* order that precludes relitigation of a claim" would be subject to a Rule 60(b)(5) motion whenever the law changed and "any final order or judgment on the merits could potentially be reopened under Rule 60(b)." *Twelve John Does*, 841 F.2d at 1140 (emphasis in original).

The Osage Nation argues it cannot seek relief by any other means, but this is plainly untrue. Dkt. 167 at 10. "If litigation seeking an injunction is dismissed or dissolved because current circumstances do not warrant an injunction, that determination does not preclude later litigation seeking an injunction on the basis of new or changed circumstances." 12 James Wm. Moore et al., Moore's Federal Practice § 60.47[e] (3d ed. 2026). There is nothing to preclude the Osage Nation from filing a new iteration of its original suit and arguing that this Court's prior precedent is no longer good law. If that case were to be dismissed, that dismissal would be appealable to the Tenth Circuit and, ultimately, the United States Supreme Court, both of which have the power to overturn this Court's prior decision. The Court is not swayed by arguments that Rule 60(b)(5) is necessary to cure the effects of a judgment that is allegedly no longer based on good law when there are alternatives available to a litigant.

### III

The Osage Nation also moves for relief under Rule 60(b)(6), which permits relief "for any other reason" that justifies it. The Osage Nation argues that this court's prior judgment hampers its ability to exercise its sovereignty, and places it in a unique position among the other native nations of Oklahoma—it filed its case without the benefit of *McGirt*, and so now is precluded from defending its sovereign interests to the reservation promised by Congress in the 1872 treaty. Dkt. 149 at 56-57; Dkt. 167 at 13-14.

But as Defendants point out, the Tenth Circuit has narrowed Rule 60(b)(6)'s range. Dkt. 162 at 9. The Tenth Circuit has held that "a change in case law doesn't justify vacatur under Rule 60(b)(6)" except where the

6

No. 01-cv-516

underlying and intervening cases are "factually related." *Federal Trade Commission v. Elite IT Partners, Inc.*, 91 F.4th 1042, 1049 (10th Cir. 2024).

The Osage Nation argues that *McGirt* is factually related to this case because both *McGirt* and the Court's previous decision in this case involve the application of *Solem v. Bartlett*, 465 U.S. 463 (1984) to the case of an Indian reservation in the former Indian Territory subject to an allotment act before Oklahoma statehood. Dkt. 167 at 13-14. But *Elite IT* uses a narrower definition of "factually related," which it defines as when two cases arise "out of the same transaction or occurrence." 91 F.4th at 1049 (citing *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975) for the proposition that when a single car accident led to two separate suits, a clarification of state law in one case could support Rule 60(b)(6) relief in the other).

That is not the relationship between this case and *McGirt*. The two proceedings discuss different tribes, different treaties, different acts of Congress, and different political histories. *Compare McGirt*, 591 U.S. 894, *with* Dkts. 113, 135. They do not arise "out of the same transaction or occurrence." *Elite IT*, 91 F.4th at 1049.[5] *McGirt*'s holding, therefore, does not provide the basis for Rule 60(b)(6) relief. Congress allotted the reservations of the Muscogee (Creek) Nation and the Osage Nation in separate acts; *Elite IT* bars Rule 60(b)(6) relief based on *McGirt*.

The Osage Nation argues that the standard in *Elite IT* is flawed because it has no basis in the text of Rule 60(b)(6). Dkt. 167 at 8-9. Whatever the merits of this argument may be, the Court will not address them because this Court may not overrule Tenth Circuit decisions.

---

[5] The Court recognizes that the district court in *Repsis II* found that Rule 60(b)(6) relief could be granted to the Crow Tribe based on the Supreme Court's decision in *Herrera v. Wyoming*, 587 U.S. 329 (2019). *Repsis II*, 2024 WL 1478580, at *11. But *Repsis* and *Herrera* dealt with the same fundamental "transaction"—the treaty between the Crow Tribe and the United States. *Id.*

No. 01-cv-516

## IV

For the reasons set forth above, the Osage Nation's motion for relief from judgment under Rule 60(b) [Dkt. 148] is denied as procedurally improper. The Court need not, and does not, reach the merits of the Osage Nation's argument.

DATED this 2d day of March 2026.

_____

JOHN D. RUSSELL
*United States District Judge*